UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ALEXANDER,<br><br>   Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY JAIL SHERIFF, et al.,<br><br>   Defendants. | Case No. CV 11-6981-SVW (E)<br><br>ORDER RE: FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court reviewed the Third Amended Complaint, all of the records herein and the attached Report and Recommendation of the United States Magistrate Judge. The Court engaged in a *de novo* review of the entire Report and Recommendation. The Court accepts and adopts the Magistrate Judge's Report and Recommendation with the following elaboration:

The Report and Recommendation thoroughly examined and discussed Plaintiff's deliberate indifference claim against Dr. Zasorin. As a result of the Court's examination of the record, the Court wishes to emphasize one point made in the Report and Recommendation. The Magistrate Judge undertook an exhaustive review of Plaintiff's medical records, discussing the findings of every relevant report. The Magistrate Judge then examined Dr. Hill's declaration, which disagreed with Dr. Zasorin's ultimate conclusions. After a careful discussion of the

evidence, the Report and Recommendation concluded that the record did not reveal a triable issue: there was insufficient evidence that Dr. Zasorin made a "medically unacceptable" decision in "conscious disregard of an excessive risk" to Plaintiff's health.

In addition to the reasons set forth in the Report and Recommendation, the Court notes additional evidence supporting the grant of summary judgment. According to her declaration, Dr. Zasorin, a highly-qualified neurologist, thoroughly examined Plaintiff on multiple occasions. Dr. Zasorin performed several tests during those examinations. And, during the course of treatment, Dr. Zasorin thoroughly reviewed the medical records in Plaintiff's file. Throughout her entire review, Dr. Zasorin found no prison record and made no observation consistent with Plaintiff's professed need for a wheelchair. (Zasorin Decl. ¶¶ 7-8, 11-12.)

As the Report and Recommendation notes, Dr. Hill, in contrast, conspicuously omitted the records he allegedly relied upon. (He did not examine or perform tests on Plaintiff either.) Nevertheless, Dr. Hill ultimately concluded from these unidentified records that there was "very clear evidence" Plaintiff needed a wheelchair. (Hill Decl. ¶ 10.) But Dr. Hill does not say that the evidence before Dr. Zasorin was "very clear."

As the Report and Recommendation concluded, this divergence of opinion creates, at best, a dispute over the appropriate medical diagnosis. However, it is impossible to conclude that Dr. Zasorin's diagnosis was "medically unacceptable." A review of the records available to Dr. Zasorin simply cannot permit such a conclusion: the undisputed evidence reveals that Dr. Zasorin (among others) observed Plaintiff ambulating, and Dr. Zasorin's test results supported her diagnosis. Dr. Hill's declaration does not contradict any of this evidence because his conclusions do not comment on the evidence before Dr. Zasorin; rather, his conclusions stem from a larger record that appears to include information post-dating Dr. Zasorin's decision. Given the ample evidence supporting Dr. Zasorin's conclusion — which Dr. Hill neither contradicted nor even mentioned — it is impossible to conclude that Dr. Zasorin's diagnosis was

medically unacceptable.[1]

Moreover, the undisputed evidence in Dr. Zasorin's declaration vitiates any rational possibility that Dr. Zasorin had the requisite mental state for a deliberate indifference claim. As the Report and Recommendation states, Plaintiff had to adduce evidence creating a triable issue of fact as to whether Dr. Zasorin acted "in conscious disregard of an excessive risk" to his health. Given the undisputed evidence before Dr. Zasorin — testimonials that Plaintiff was observed walking, test results inconsistent with paralysis, and six months of Dr. Zasorin's personal observations about his condition — she could not have acted with the necessary culpable mindset. There was no evidence that she was aware of an excessive risk to Plaintiff's health upon taking away his wheelchair.

For these reasons as well as those stated in the Report and Recommendation, the Court agrees that Defendants are entitled to summary judgment. The Court therefore:

1. Accepts and adopts the Report and Recommendation of the Magistrate Judge with the additional statement provided herein.
2. Grants summary judgment in favor of Defendants.
3. Enters judgment in favor of Defendants.

It is further ordered that the Clerk serve forthwith a copy of the judgment of this date on Plaintiff and on counsel for Defendants.

IT IS SO ORDERED.

Dated: March 31, 2015

STEPHEN V. WILSON
United States District Judge

---

[1] The Court notes that it is not weighing the comparative credibility of the two physicians. Rather, the Court is examining the evidence considered by each as well as their ultimate conclusions to determine whether a triable issue of fact exists as to the medical acceptability of Dr. Zasorin's decision and Dr. Zasorin's mental state.

3